27  495
28  413

No. 6204.

GEORGE BLACK *v.* THE STATE.

PRACTICE—NEW TRIAL.—If, after conviction, it appears that the absent testimony (to secure which the application for continuance discloses due diligence) was both material, and, in the light of the proof on the trial, probably true, a new trial should be awarded.

APPEAL from the District Court of Wilson. Tried below before the Hon. George McCormick.

The conviction in this case was for unlawfully carrying a pistol, and the penalty assessed by the verdict was a fine of twenty-five dollars, and twenty days in the county jail.

A single witness testified, for the State, that he saw defendant carrying a pistol on his person on the day alleged in the indictment.

The defense introduced no evidence but disclosed its defense in the application for continuance, which was that he purchased the pistol and was taking it home at the time he was seen carrying it on his person. He proposed to prove that fact by his brother, and by the person who sold him the pistol. For diligence he showed that, on the day that he was arrested, he sued out a subpœna for the person who sold him the pistol, the said person being a resident of Wilson county; and that on the same day he sued out an attachment to Gonzales county for his brother, who, he showed, was unable to attend because of a recently fractured arm.

*B. F. Ballard,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WILLSON, JUDGE. We think the court erred in refusing the defendant a new trial. His application for a continuance was a first one, and was in compliance with the statute both in form and substance. It showed legal diligence to obtain the absent testimony, and the materiality of such testimony. Viewed in connection with the evidence adduced on the trial, the absent

testimony would be material to the defendant, as it would tend strongly to establish for him a valid defense, and there being nothing in the testimony adduced on the trial to contradict or render it improbable, we must hold that the facts set. forth in the application for a continuance are probably true. (Code Crim. Proc., art. 560, sub div. 6; Willson's Crim. Stat., sec. 2186.)

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*